# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

          Plaintiff,    :    Case No. 3:10-cr-210(26)
                                            Also Case No. 3:15-cv-178

                                            District Judge Walter Herbert Rice
- vs -                                Magistrate Judge Michael R. Merz

MARTIN JUAREZ,

          Defendant.    :

---

## REPORT AND RECOMMENDATIONS

---

This case is before the Court on Defendant Juarez's Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 896). On the Court's Order for Answer (ECF No. 897), the United States has filed an Answer and Motion to Dismiss (ECF No. 904) and Defendant has filed a Reply (ECF No. 910).

Juarez pleads the following two grounds for relief:

> **Ground One:** The Movant was denied effective assistance of trial and appellate counsel.
>
> **Supporting facts:** Attorney was ineffective in that he failed to secure a reduction of sentence for me, the Petitioner, after I had offered substantial assistance to the government. He failed to uphold the signed proffer agreement between the government and myself. Coerced me to provide information to the government without instructing or explaining to me what I was doing and what the agreement meant and said. Failed to ask the government to file

1

> motion to allow the judge to sentence me under the mandatory minimum. Failed to file sentencing memorandum. Failed to prove I was a minor role participant. Failed to tell the court we had disagreements and were not getting along, which effected his extent of representation in my case. He cut all forms of communication with me for over 6 months up until sentencing. He would not answer phone calls, letters or families attempts to contact him. As a Spanish speaking person he failed to fully explain to me the nature of all the documents he had me sign and to an extent used duress to have me sign all these documents. He ignored all of my concerns and simply did what he wanted to do without my full consent. Appeals counsel did not want to help me with my case he ignored all of my requests and moved to withdrawn when he knew I had viable grounds. He also moved the court to try to recognize my appeal as a 2255 motion, which I never instructed him to do.

(Motion, ECF No. 896, PageID 3498).

> **Ground Two:** Prosecutorial misconduct.
>
> **Supporting facts:** The government violated the proffer agreement and the information I had provided for them to enhance my sentence. After they had informed me that they would not use any of that information against me.

*Id.* at PageID 3500.

**Procedural History**

A fourth superseding indictment was filed in this Court on July 12, 2011, charging Juarez with "conspiracy to distribute and possess with intent to distribute 1 kilogram or more of heroin, a Schedule I controlled substance," in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A). (Fourth Superseding Indictment, ECF No. 344, PageID 1050).

2

On March 14, 2012, Juarez entered into a Plea Agreement with the United States under which he would plead guilty to the charge made in Count One of the Fourth Superseding Indictment.  Juarez in fact pled guilty as agreed on the same day (Minute Entry, ECF No. 553, PageID 1718).  Juarez was sentenced to 120-month term of incarceration on September 18, 2012. (Judgment, ECF No. 688, PageID 2330).

Juarez filed a *pro se* out-of-time notice of appeal on May 13, 2013, and a pro se Motion for Delayed Appeal by a Prisoner in Federal Custody on October 3, 2013. (Notice of Appeal, ECF No. 748, PageID 2627; Motion for Delayed Appeal, ECF No. 788, PageID 2787).   The Government moved to dismiss the appeal as untimely.  Juarez conceded that the appeal was late, but asked through counsel that his case be remanded for further proceedings with instructions to the district court to treat the matter as one filed under 28 U.S.C. § 2255 which the Government also opposed.

On May 29, 2014, the Sixth Circuit Court of Appeals granted the Government's motion to dismiss.  The Court of Appeals also found whether Juarez's late notice of appeal should be treated as a motion under § 2255 is an issue that must be raised, in the first instance, in the district court (*United States v Juarez,* Case No. 13-4296 (6th Cir. 2013)(unreported; copy at ECF No. 833, PageID 3119.)

Almost a year later on May 14, 2015, Juarez filed his instant § 2255 Motion (ECF No. 896).  In the instant Motion, Juarez never requests that his Motion for Delayed Appeal be treated as a § 2255 motion.  In fact, he characterizes his appellate attorney's request for that treatment as unauthorized (ECF No. 896, PageID 3499).

## Analysis

The United States moved to dismiss the § 2255 Motion as untimely (ECF No. 904, PageID 3566). As the Government notes, Juarez was sentenced on September 18, 2012 and judgment was entered that day (Minute Entry, ECF No. 687; Judgment, ECF No. 688). As the Court of Appeals found, Juarez had fourteen days to appeal, or until October 2, 2012 (See ECF No. 833, PageID 3118). Under 28 U.S.C. § 2255(f), the statute of limitations for a § 2255 motion begins to run, with exceptions not applicable here, on the date the judgment of conviction becomes final. Because he did not appeal, Juarez's conviction became final on October 2, 2012, and he had one year, or until October 3, 2013, to file a § 2255 Motion. The instant Motion was not filed until May 14, 2015, more than nineteen months later.

If Juarez had filed a timely notice of appeal, then his conviction would not have become final until, at the earliest, the Court of Appeals decided the appeal. Juarez asserts his § 2255 Motion is timely because his counsel of record "failed to file his notice of appeal. Which Petitioner was under the impression that he had done so as he had requested." (Reply, ECF No. 910, PageID 3587). As a result, Juarez argues, "the 7 month laps [sic] of time from 09-18-12 to 5-13-2013 . . . should not be counted against him. Which therefore makes this motion timely." *Id.* But even if that time were not counted against him, it was two years after May 13, 2013, that he filed the instant Motion, twice the statute of limitations.

Nor can Juarez claim the benefit of equitable tolling. He knew at least as early as May 2013 that no appeal had been taken. Waiting two years from that date to filed the instant Motion does not constitute due diligence.

**Conclusion**

The Government's Motion to Dismiss should be granted. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

September 23, 2015.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).