# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

|  |  |  |  |
|---|---|---|---|
| | Plaintiff, | : | Case No. 3:10-cr-210-26 |
| | | | Related Case 3:15-cv-178 |
| | | | |
| | | | District Judge Walter Herbert Rice |
| - vs - | | | Magistrate Judge Michael R. Merz |

MARTIN JUAREZ,

|  |  |  |
|---|---|---|
| | Defendant. | : |

---

# REPORT AND RECOMMENDATIONS ON MOTION FOR
# EXTENSION OF TIME TO APPEAL

---

This § 2255 proceeding is before the Court on Defendant's Motion for an Extension of Time to File Notice of Appeal (ECF No. 927).  Because this is a post-judgment motion, it is deemed referred to the Magistrate Judge under 28 U.S.C. § 636(b)(3) and requires a recommended decision.

The docket reflects that District Judge Rice dismissed Juarez's § 2255 Motion on October 21, 2015, and the Clerk sent a copy by regular mail to Mr. Juarez (ECF No. 917).  Juarez claims he did not receive that order until July 7, 2016 (ECF No. 927, PageID 3649).  Juarez asserts

> The court finally after numerous letters sent from petitioner to the
> court mailed the order out to the Petitioner who received it on
> 07/07/16.  In the enclosed package the court included what
> appeared to be a copy of a returned to send copy of an envelope

> dated 5/14/2015; however, the Petitioner never provided the court
> with that address.

*Id.*

On May 14, 2015, Juarez filed his § 2255 Motion (ECF No. 896).  The same day the undersigned ordered the United States to answer (ECF No. 897).  On July 7, 2015, the Clerk docketed a Notice of Returned Mail regarding ECF No. 896 which had been sent to Mr. Juarez at the Victorville Medium II Federal Correctional Center, P.O. Box 5700, Adelanto, California, which is the address Juarez says he never gave the Court.  When the United States Attorney answered the Motion, he sent a copy to Mr. Juarez at the same institution but specifying P.O. Box 3850 (See ECF No. 904, PageID 3574).  Juarez did not give a Post Office Box number when he filed his § 2255 motion, but indicated he was incarcerated in Victorville; in his Reply in support he listed the same institution and P.O. Box 3850.  Since that time the Court has sent out ECF Nos. 912, 913, and 919, all to the address listed on the docket, which is the Victorville FCI with P.O. Box 5700 and none have been returned by the Postal Service.  The record does not support Juarez's claim that he did not receive Judge Rice's October 21, 2015, Order in the usual course of mail delivery.

Juarez claims he sent much correspondence to the Court seeking whatever had been done, but no one responded until July, 2016.  He does not include any corroborating evidence, either copies of what he claims he sent the Court or what the Court sent to him.  None of his alleged correspondence with the Court appears on the docket.

The usual time to appeal in a § 2255 case is sixty days after entry of judgment, which in this case would be December 20, 2015.  Under Fed. R. App. P. 4(a)(5), a District Court may extend the time for filing a notice of appeal provided the motion is filed within thirty days after

2

the time expires.  That thirty days expired January 19, 2016, but Juarez's Motion to Extend was not filed[1] until September 2, 2016.

Under Fed. R. App. P. 4(a)(6), if the court finds a party did not receive notice of the entry of judgment within twenty-one days after  it was entered, a court can reopen the time to appeal if a motion to do so is filed within 180 days after the judgment is entered or fourteen days after the moving party received notice, whichever is earlier.  180 days after judgment was entered was April 18, 2016.  Fourteen days after Juarez says he received notice was July 21, 2016.  If his instant Motion were to be construed as a motion to reopen the time to appeal, it would be untimely even presuming he mailed the Motion on the date he signed it (August 4, 2016).

Mr. Juarez's Motion to Extend should therefore be DENIED.

September 6, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections

---

[1] As an incarcerated person, Juarez is entitled to the benefit of the "mailbox rule" adopted in *Houston v. Lack,* 487 U.S. 266 (1988).  However, his Motion does not contain any declaration of when it was deposited in the mail or even a certificate of service on the United States Attorney.  Juarez purports to have signed it on August 4, 2016, a full month before it was received by the Clerk. Even if August 4th is counted as the date of filing, the Motion to Extend is very late.

within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).